# IN THE COURT OF APPEALS OF IOWA

No. 19-1391
Filed November 6, 2019

**IN THE INTEREST OF S.R.,**
**Minor Child,**

**J.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Eric J. Nelson, District Associate Judge.

A mother appeals the order terminating her parental rights. **AFFIRMED.**

Daniel J. McGinn of McGinn, Springer & Noethe, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Maura C. Goaley, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**BOWER, Chief Judge.**

A mother appeals the juvenile court decision terminating her parental rights. She claims the evidence does not support termination, the court should have granted additional time for reunification, and termination is not in the best interests of the child. We find sufficient evidence supports the termination, additional time is unwarranted, and termination is in the best interests of the child. We affirm.

## I.      Background Facts & Proceedings

J.R. is the mother of S.R., born in 2018.[1] Her parental rights to an older child, J.E., were terminated in July 2018 due to ongoing substance abuse. She has been unsuccessfully discharged from multiple treatment programs. The mother admitted using methamphetamine while pregnant with S.R., though both mother and child tested negative at the time of S.R.'s birth. The child was removed from the mother at birth and placed with the maternal grandmother, who also has custody of the older sibling. On September 13, the court adjudicated S.R. a child in need of assistance (CINA).

Initially, the mother was the child's primary caretaker during the day under the supervision of family members. She obtained a job and continued to visit the child frequently under family supervision until December. On December 31, the mother had an altercation with the grandmother. After that, the mother's visits were supervised by a Family Safety, Risk, and Permanency (FSRP) service worker instead of family. The visits were all reported to go well.

---

[1] The child's father was not conclusively identified during the proceedings; the court terminated the parental rights of any putative father.

Starting in mid-September, the mother began missing drug tests, and those she appeared for came back positive for methamphetamine. She completed outpatient treatment in January 2019, despite positive sweat-patch drug tests in September, October, and December. After outpatient treatment and a January permanency hearing recommending termination of her parental rights, the mother did not complete any requested drug tests until May. In March, the mother began researching different treatment programs, and on May 2, began inpatient treatment in Des Moines. She admitted to using methamphetamine the day before treatment. She was doing well in the program at the time of the termination hearing.

The termination hearing was on June 21. The court heard testimony from the social worker, the FSRP worker, the mother, and the maternal grandfather. The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g), (h), and (*l*) (2019). She appeals.

## II. Standard of Review

We review termination-of-parental-rights cases de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). There must be clear and convincing evidence of grounds for termination under section 232.116 to uphold an order for termination of parental rights. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence means there are "no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* (citation omitted). The paramount concern in termination proceedings is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III. Analysis

**Substantial Evidence.** The mother claims the State has failed to prove any of the bases for termination. "On appeal, we may affirm the juvenile court's termination order on any ground we find supported by clear and convincing evidence." *D.W.*, 791 N.W.2d at 707. We conclude grounds for termination exist under section 232.116(1)(h).

The mother does not contest the first three elements of termination under section 232.116(1)(h). The child was under three years old at the time of the termination hearing, had been adjudicated CINA, and had been out of the mother's custody for more than six consecutive months with no trial period at home. *See* Iowa Code § 232.116(h)(1)–(3); *see also D.W.*, 791 N.W.2d at 707. The mother states the child could be placed with her at the treatment center and can be returned to her at this time, thus defeating any showing under section 232.116(h)(4).

The record does not provide evidence the child could be safely returned to the mother's care at this time. The mother had shown success at inpatient treatment for seven weeks immediately prior to the hearing. However, for several months prior to that and with the knowledge the State would be seeking termination, she relapsed, did not check to see if she needed to participate in drug testing, and made little effort to demonstrate a commitment to reunification with the child. With respect to her addiction, the mother is facing the long process of recovery and learning to live a clean lifestyle.

"[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests."

*D.W.*, 791 N.W.2d at 707. Here, the applicable time frame is six months. *See In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). The mother has struggled not only during this child's life, but during the proceedings for her older child as well. We find clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(h).

**Additional Time.** The mother claims the court should have granted her additional time for reunification. In order for the court to grant additional time for reunification, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We consider her recent progress, but also the lengthy time period the mother has received services for both this and the older child and her history of relapses. We cannot determine the need for removal will no longer exist at the end of an additional six months and, consequently, we find an extension of time is unwarranted.

**Best Interests of the Child.** In determining the best interests of the child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2). Parenting "must be constant, responsible, and reliable." *A.B.*, 815 N.W.2d at 777 (citation omitted).

There is no doubt the mother loves the child and is making an effort to change. However, the child's home has always been with the maternal grandmother. The child's older sibling also lives in the grandmother's household,

and the grandmother has indicated the mother can be involved with the children while clean and sober.  We conclude the mother is not the best placement to provide stability and nurture the child's long-term growth, and termination is in the child's best interests.

**AFFIRMED.**